IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


LINDA S. LOWTHER                                                    PLAINTIFF


         v.                          CIVIL NO. 08-2043


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff protectively filed her current applications for SSI on April 30, 2006, alleging an inability to work due to a mood disorder, anxiety related disorders, dysthymia, post traumatic stress disorder. (Tr. 17).  An administrative hearing was held on July 27, 2007, at which plaintiff appeared with counsel and testified. (Tr. 295-308).

By written decision dated December 26, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr.

17).  However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).  The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels.  From a mental standpoint, the ALJ found plaintiff could perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple, direct and concrete.  The ALJ found plaintiff was limited to unskilled work.  The ALJ found plaintiff could perform her past relevant work as a cook and a janitor.  (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, denied that request on March 27, 2008. (Tr. 3-7).  Subsequently, plaintiff filed this action.  (Doc. 1).  Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (Doc. 8,9).

## II.    <u>Applicable Law:</u>

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

AO72A
(Rev. 8/82)

decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  *See* 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience

AO72A
(Rev. 8/82)

in light of her residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

### III.    Discussion:

After reviewing the entire evidence of record, we are troubled by the ALJ's failure to adequately address plaintiff's diagnosis of borderline intellectual functioning when determining plaintiff could perform her past relevant work.  In June of 2006, Dr. Robert L. Spray estimated plaintiff's IQ to be between 71 and 79. (Tr.  221).  *Swope v. Barnhart*, 436 F.3d 1023, 1024 (8th Cir. 2006) ("Borderline intellectual functioning is a condition defined as an IQ score within the 71-84 range while mental retardation is a score of about 70 or below.")(citations omitted). Plaintiff indicated in the forms she completed when applying for disability and to treating physicians that she was in special education classes while attending school.  (Tr. 111, 139, 220, 266, 276).  She also testified at the hearing that she had problems with reading and writing.  (Tr. 299).   This information coupled with Dr. Spray's assessment of plaintiff's intellectual functioning should have alerted the ALJ for the need of further evidence regarding her intellectual abilities.

Of particular concern to the undersigned is the ALJ's failure to question the vocational expert concerning plaintiff's borderline intellectual functioning.  The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a vocational expert.  *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997); *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir. 1997).  We believe remand necessary so that the ALJ can obtain testimony from a vocational

AO72A
(Rev. 8/82)

expert regarding plaintiff's borderline intellectual functioning and her ability to perform substantial gainful employment.

Prior to calling a vocational expert, we strongly recommend the ALJ direct interrogatories to the physicians who have evaluated and/or treated plaintiff, including Dr. Pearl C. Beguesse, and ask the physicians to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

IV      **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of July, 2009.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)